Robert C. Huntley, Esq.  ISB No. 894
R. HUNTLEY LAW, PLLC
815 W. Washington Street
P.O. Box 2188
Boise, Idaho 83701
Telephone: 208-388-1230
Facsimile: 208-388-0234
rhuntley@huntleylaw.com

T. Jason Wood, Esq., ISB No. 5016
WOOD LAW GROUP, PC
1906 Jennie Lee Dr.
Idaho Falls, ID  83404
Telephone: (208) 497-0400
Fax: (208) 932-4380
Email: jason@woodlaw.net

Attorneys for Plaintiffs

Attorneys for Plaintiffs

### IN THE UNITED STATE DISTRICT COURT
### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MIKE ZEYEN, Individually, as a Patron of Pocatello/Chubbuck School District #25 and on behalf of and as Guardian Ad Litem of his minor children, N.Z. and A.Z.; OLIVIA ZEYEN, Former student; RACHAEL BOOTH, Individually as a Patron of Pocatello/Chubbuck School District #25 and on behalf of and as Guardian *Ad Litem* of her minor children, M.B. and B.B.; and KIM A. WOOD, Individually as Patron of Bonneville Joint School District No. 93 and as natural parent and Guardian *Ad Litem* of her children, Logan Jones and P.J., a minor;<br><br>AND<br><br>on behalf of all Similarly Situated Patrons and Students in the One Hundred Fifteen (115) Public School Districts and Approximate Fifty (50) Charter Schools in the State of Idaho,<br><br>    Plaintiffs,<br><br>[*continued on next page*] | Case No. 1:18-cv-207-BLW<br><br><br><br><br><br><br>FIRST AMENDED<br>CLASS ACTION COMPLAINT[1] |

---

[1] This Amended Complaint is filed as a matter of right within 21 days of the filing of Defendants' Answer pursuant to FRCP 15(a)(1)(B), to provide specific allegations commencing at paragraph 37 regarding certification of defendants' status as a "Defendant Class," and to remove any specific prayer for punitive damages.

v.

Boise District #1; Aberdeen District #58;
Academy at Roosevelt Center (ARC) #460;
Alturas International Academy – LEA #495;
American Falls Joint District #381; American
Heritage Charter School – LEA #482; Another
Choice Virtual Charter School – LEA #476;
Anser Charter School – Boise SD #1; Arbon
Elementary District #383; ARTEC Charter
School – Minidoka SD #331; Avery District
#394; Basin District #72; Bear Lake County
District #33; Bingham Academy – Blackfoot, ID
– LEA #485; Blackfoot District #55; Blackfoot
Charter Community Learning Center – LEA
#477; Blaine County District #61; Bliss District
#234; Bonneville Joint District #93; Boundary
County District #101; Bruneau-Grand View Joint
District #365; Buhl Joint District #412; Butte
County District #111; Caldwell District #132;
Camas County District #121; Cambridge #432;
Canyon-Owyhee School Service Agency #555;
Cascade District #422; Cassia Joint District #151;
Castleford District #417; Challis Joint District
#181; Chief Targhee Elementary Academy –
LEA #483; Clark County District #161; Coeur
d'Alene Charter Academy – LEA #491; Coeur
d'Alene District #271; Compass Public Charter
School – LEA #455; Connections Academy
#457; Connor Academy Public Charter School –
LEA #460; Cottonwood Joint District #242;
Council District #13; Culdesac Joint District
#342; Dietrich District #314; Emmett
Independent District #221; Falcon Ridge Public
Charter School #456; Filer District #413; Firth
District #59; Forrest M. Bird Charter School –
LEA #487; Fremont County Joint District #215;
Fruitland District #373; Garden Valley District
#71; Gem Prep: Nampa – Nampa SD #131; Gem
Prep: Pocatello – IDEA LEA #490; Genesee Joint
District #282; Glenns Ferry District #192;

[*continued on next page*]

|  | CLASS ACTION COMPLAINT |
|  | (Cont.) |

Gooding Joint District #231; Grace Joint District #148; Hagerman District #233; Hansen District #415; Heritage Academy – LEA #479; Heritage Community Charter School – LEA #481; Highland District #305; Homedale Joint District #370; Horseshoe Bend School District #73; Idaho Arts Charter School – Nampa #131; Idaho Connects Online School (ICON) – LEA #469; Idaho Distance Education Academy (I-DEA) – LEA #490; Idaho Educational Services for the Deaf and the Blind #596; Idaho Falls District #91; Idaho Science & Technology Charter School – LEA #468; Idaho Technical and Career Academy – LEA # 489; Idaho Virtual Academy – LEA #452; Inspire Connections Academy – LEA #457; iSucceed Virtual High School – LEA #466; Jefferson County Joint District #251; Jerome Joint District #261; Kamiah Joint District #304; Kellogg Joint District #391; Kendrick District #283; Kimberly District #414; Kootenai Bridge Academy – LEA #470; Kootenai District #274; Kuna Joint District #3; Lake Pend Oreille District #84; Lakeland Joint District #272; Lapwai District #341; Legacy Charter School – LEA #478; Lewiston Independent District #340; Liberty Charter School – LEA #458; Mackay District #182; Madison District #321; Marsh Valley Joint District #21; Marsing District #363; McCall-Donnelly District #421; Meadows Valley District #11; Melba Joint District #136; Meridian Medical Arts Charter High School; Meridian Technical Charter High School; Middleton District #134; Midvale District #433; Minidoka County Joint District #331; Monticello Montessori School – LEA #474; Moscow Charter School – Moscow School District #281; Moscow District #281; Mountain Home District #193; Mountain View District #244; Mullan District #392; Murtaugh District #418; Nampa District #131; New Plymouth School District #372; Nezperce District #302; North Gem District #149; North Idaho STEM Charter Academy – LEA #480; North Star Charter School – LEA #493; North Valley Academy – LEA #465; Notus District #135;

CLASS ACTION COMPLAINT
(Cont.)

[*continued on next page*]

3 -    FIRST AMENDED CLASS ACTION COMPLAINT

Oneida County District #351; Orofino Joint District #171; Palouse Prairie Charter School – LEA #472; Parma District #137; Pathways in Eduction - Idaho, Inc.; Pathways in Education - Nampa, Inc.; Payette Joint District #371; Payette River Technical Academy – Emmett School District #221; Pleasant Valley District #364; Plummer/Worley Joint District #44; Pocatello/Chubbuck District #25; Pocatello Community Charter School – LEA #494; Post Falls District #273; Potlatch District #285; Prairie Elementary District #191; Preston Joint District #201; Richard McKenna Charter School – LEA #453; Richfield District #316; Ririe Joint District #252; Rockland District #382; Rolling Hills Charter School – LEA #454; Sage International School of Boise – LEA #475; Salmon District #291; Salmon River Joint District #243; SEI Tec – Preston School District #201; Shelley Joint District #60; Shoshone Joint District #312; Shoshone-Bannock Joint District #537; Snake River District #52; Soda Springs Joint District #150; South Lemhi School District #292; St. Maries Joint District #41; Sugar–Salem District #322; Swan Valley District #92; Syringa Mountain School – LEA #488; Taylor's Crossing Public Charter School – LEA #461; Teton County District #401; The Village Charter School – LEA #473; Thomas Jefferson Charter School – Vallivue School District #139; Three Creek Joint Elementary School District #416; Troy District #287; Twin Falls District #411; Upper Carmen Public Charter School – LEA #486; Valley District #262; Vallivue District #139; Victory Charter School – LEA #451; Vision Charter School – LEA #463; Wallace District #393; Weiser District #431; Wendell District #232; West Ada School District #2; West Bonner County District #83; West Jefferson District #253; West Side District #202; White Pine Charter School – LEA #464; Whitepine Joint District #288; Wilder District #133; Xavier Charter School – LEA #462;

      Defendants.

CLASS ACTION COMPLAINT
(Cont.)

For cause of action against the defendants above-named, Plaintiffs allege as follows:

## I.    JURISDICTION AND VENUE

1.      This is an action for declaratory and monetary relief arising under 42 U.S.C. § 1983, under the Fifth, and Fourteenth Amendments to the United States Constitution.

2.      This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4), and 1367, and 42 U.S.C. § 1988.

3.      Venue is proper in the *Western Division* of the District of Idaho under 28 U.S.C. § 1391, which is a central location and is as convenient as or more convenient than any other county in the State of Idaho for litigation of this statewide class action complaint

## III.   PARTIES

### A.    Parties Plaintiff:

4.      MIKE ZEYEN is the parent and guardian Ad Litem of his minor children, N.Z. and A.Z..  N.Z. was enrolled in the School District as a 9th Grader in the 2015-16 school year (Grade 11 for '17-'18).  A.Z. was enrolled in the School District as a 4th Grader in the 2015-16 school year (Grade 6 for '17-'18).  Olivia Zeyen and N.Z. have been through middle school in the district, and were students in the District during the 2014-15 school year.

5.      OLIVIA ZEYEN is MIKE ZEYEN's daughter.  While in his legal and physical custody she was enrolled part-time at Pocatello High School for a CNA class (two periods) in 2015-16 and at Century High School for her general education classes in 2015-16 in the 11th Grade and 2016-17 in the 12th grade.  She has since graduated and reached the age of majority, and is a named Plaintiff in her own right and a class representative.

6.    RACHAEL BOOTH, is the parent and guardian Ad Litem of her minor children, M.B. and B.B.  M.B. was enrolled in the Pocatello/Chubbuck School District as a 10th Grader in the 2015-16 school year. (12th Grade '17-'18); B.B. was enrolled in the district as a 7th Grader in the 2015-16 school year (9th Grade '17-'18) and was enrolled in the District during the 2014-15 school year.  M.B. went through middle school in the district, and was enrolled in the District during the 2014-15 school year. They bring this action on behalf of themselves and as "Class Representatives" on behalf of all parents/patrons and students in the Defendant School Districts and Defendant Charter Schools.

7.    KIM WOOD is and was, at all times material hereto, the parent and guardian Ad Litem of her children, Logan Jones (now 19 years old) and P.J. (17 years old).  Logan Jones was enrolled in Boneville Joint District #93 ("District 93") at Bonneville High School from 2013 until his graduation in 2016.  Peyton was enrolled  District 93 at Cloverdale Elementary School in 2013, Rocky Mountain Middle School from 2013-2015, Bonneville High School in 2015-2016, Hillcrest High School in 2016, and from 2017 until the present has been and is currently enrolled in Bonneville High School.  Ms. Wood brings this action for herself as patron of District 93 and as "Class Representative" on behalf of all parents/patrons and students in the Defendant School Districts and Defendant Charter Schools.

**B.    Parties Defendant:**

8.    The defendants are all school districts and charter schools, hereinafter collectively referred to as "School Districts," duly constituted pursuant to the constitution and laws of the State of Idaho, municipal corporations, and "persons"  acting "under color of any statute, ordinance, regulation, custom, or usage, of any State" within the meaning of 42 U.S.C. § 1983.

## IV.   FACTUAL ALLEGATIONS AND CLAIMS

9.   Plaintiffs bring this case as a Class Action on behalf of all children, grades K through 12, in of the State of Idaho, enrolled in their respective public school districts or charter schools, as the case may be, and on behalf of their patrons, parents and guardians, to enforce and recover damages for the defendants' violation of the Fifth and Fourteenth Amendments to the Constitution of the United States, which Amendments prohibit the Defendant School Districts from taking the private property of the Class Members without "due process of law" and without "just compensation."

10.   Article IX, Section 1 of the Constitution of the State of Idaho which reads as follows:

> **§ 1.   Legislature to establish system of free public schools.** The stability of a republican form of government depending mainly upon the intelligence of the people, it shall be the duty of the legislature of Idaho, to establish and maintain a general, uniform, and thorough system of public, *free* common schools.  (Emphasis added).

11.   In violation of this constitutional mandate, the defendants in recent years have been assessing and collecting various fees upon the students and their families for supplies and coursework, elective and otherwise, which practice constitutes a deprivation of property without due process and takings without just compensation in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States of America, and 42 U.S.C. § 1983, *et seq.*

12.   In *Paulson v. Minidoka County School District No. 331,* 93 Idaho 469 (1970), the Idaho Supreme Court ruled that the levying of certain fees upon the students violated the constitutional mandate to provide free common schools.

13.   The defendants have established and are operating Idaho K-12 public schools pursuant to official, systematic and systemic policies or practices of charging and collecting fees for

various coursework, electives, supplies and other fees and charges, both "curricular" and "co-curricular," to students and their families and patrons, continually depriving them of their right to a free education guaranteed by the Idaho Constitution as set forth above beginning no later than 1992.

14.     Plaintiffs, through this action, seek a declaratory judgment and return or restitution, or damages in the amount, of such fees assessed and collected by the defendants in their continuing violation of the Fifth and Fourteenth Amendments to the U.S. Constitution, and 42 U.S.C. § 1983, beginning no later than October 1, 2012, when suit was filed in *Joki v. State*, Case No. CV-OC-2012-17745, giving notice to all school districts in the State of Idaho of the then- potential class action involving every school district and every charter school in the state, until the present, and for declaratory and injunctive relief from the ongoing unconstitutional fee imposition practices.

15.     Unconstitutional fees have been assessed against and paid by or for the Plaintiffs on behalf of their children for which they are entitled to be reimbursed, and unless the assessment of unconstitutional fees is discontinued the Plaintiffs will be assessed and required to pay such unconstitutional fees throughout the course of their matriculation through the grade levels from Kindergarten through grade 12.

16.     Plaintiffs, and all other students and parents and guardians with students enrolled, previously enrolled, or soon to be enrolled in the School Districts are, have been, or will be subjected to multiple communications, demands, and requirements from such schools requiring the payment of fees for enrolling in public schools as a part of the student registration process.   Such communications, demands, and requirements include, but are not limited to, statements in Registration Materials, Fee Payment links on websites, fee announcements by school administrators

and teachers, inclusion of required fees in Student Handbooks, and school board policy, all of which compel Plaintiffs and all others similarly situated to pay fees that contravene the constitutional protection of a free public education and which amount to a form of coercion to pay for essential and normal elements of a free public education.  Such conduct constitutes an unlawful deprivation and taking of private property without due process of law or just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983.

17.    The School Districts communicate the expectation that Plaintiffs, and others similarly situated, shall purchase and provide school supplies which are not specifically attached to individual student needs, a requirement that, even though described at times as voluntary, is clearly communicated as being a requirement for the Plaintiffs to enroll children in school, successfully attend, and complete school assignments. Plaintiffs cannot distinguish supply list purchases from fees and Plaintiffs cannot, therefore, jeopardize attendance at school in order to avoid unwanted exposure to unfavorable notice by or criticism from school teachers and administrators.  The School Districts also have created a state-sponsored and state-directed "essential consumable supply curriculum" which contravenes the constitutional mandate of a free public education and which amounts to a form of state coercion of Plaintiffs to pay for essential elements of a free public education.  Such state action is impermissible assessment of fees in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States of America, and 42 U.S.C. § 1983.

18.    A reasonable observer would believe that the defendants' imposition of fees and purchasing of essential school supplies signified constitutionally protected action by the schools. But the School Districts may not place the dissenter in the dilemma of either paying or protesting fees and "essential school supply lists."  This is especially true at the middle school and high school

level where adolescent students are often susceptible to peer pressure, especially in matters of social convention.  Through its pervasive control of communicating and endorsing its fee and school supplies list, the schools have created an environment that feeds on social pressure to enforce payment of fees and providing of "essential school supplies."  The embarrassment and intrusion of this exercise cannot be refuted by arguing that the fees are of a *de minimus* character, since fees control student choice of elective and advanced courses that are important to the student's overall learning and potential for continued education.  It also gives insufficient recognition of the real conflict of conscience faced by an adolescent student and financially limited parents and guardians who would have to choose whether to enroll in a class like Chemistry or take a less rigorous class.  Nor is the "essential school supplies list" *de minimus* and voluntary, given the environment created by the defendants and the clear message to Plaintiffs that failure to purchase "essential school supplies" will compromise not only their children's learning, but the entire school's instructional effectiveness.  Such is an affront to Plaintiffs and others similarly situated, and constitutes a violation of their rights under the Due Process and Takings Clauses of the Fifth and Fourteenth Amendments to the U.S. Constitution.

19.    The pressure, though subtle and indirect, to pay fees and purchase "essential school supplies" that become part of the School Districts' general education curriculum programs can be as real as any overt compulsion.   The defendants cannot require one of its citizens to forfeit his or her rights and benefits to a free public education as the price of resisting conformance to state-sponsored school fees and purchasing of "essential school supplies" that will be distributed to and used by all students, a burden that is constitutionally required to be provided by the schools.

20.   The defendants have been on notice of the unconstitutionality of the fees they have been charging no later than the litigation on that subject was filed in Ada County District Court on October 1, 2012, *Joki v. State*, Case No. CV-OC-2012-17745, with notice at that time to all school districts in the State of Idaho of the then potential class action involving every school district and every charter school in the state.   As a result of that litigation, the Honorable Richard D. Greenwood entered Findings of Fact and Conclusions of Law which are a proper basis for "affirmative collateral estoppel" in this case, seven of which Findings and/or Conclusions are summarized as follows:

a.   In paragraph 8 the Court stated:  "The question here is whether the defendant is providing a *general, thorough and free education* to Peyton Joki.  The Court concludes it is not," further stating: "…Where a class is offered as part of the regular academic courses of the school, the course must be offered without charge."

b.   The Court next stated in paragraph 9: "Based upon the evidence available in this case, the best determinate of whether a class is part of the regular academic course of the Defendant is whether academic credit toward graduation is granted for the class."

c.   In paragraph 9 the Court ruled that the junior class dues fall in a category "generally imposed on all students whether they participate in extra-curricular activities or not, which becomes a charge on attendance at the school."  The Court ruled:  "As such they are impermissible."

d.   In paragraph 11 the Court rejected the school's position that "only those classes offered without charge are part of the constitutionally required thorough education."  [Plaintiffs made as a major point of their case that families should not be forced to choose whether they can afford to take a course or not and they should not be required to seek charity through a waiver.]  The Court ruled "The fact that the fees may be waived in the discretion of the principal of the building does NOT render them constitutional." (emphasis added).

e.   The Court ruled that the district was incorrect in its position that the Plaintiffs' case should be dismissed because they did not file suit under the Idaho Tort Claims Act because "In this case, the suit is for return of monies unconstitutionally taken in the form of charges for taking a class or attendance at schools."

11 -   FIRST AMENDED CLASS ACTION COMPLAINT

f.      In paragraph 20, the Court rejected the School District's position that it is free to charge for Kindergarten because the school is not required by law to provide Kindergarten.  The Court ruled that once the school district decides to offer Kindergarten it is a part of a thorough education.

g.      In paragraph 21, the Court held that the fees charged for the Plaintiffs Kindergarten students were impermissible. (The Court did hold that there was no proof offered that Sara Holt was the mother of her children, but that the fees paid by their grandfather, Russell Joki, should be refunded, but that that payment to Russell Joki will only occur if there is an appeal to this case to the Idaho Supreme Court.)

21.      Plaintiffs believe that the fees the defendants' charged and collected in violation of the constitutional mandates are in the magnitude of approximately $20 Million per year.

22.      The defendants conduct and policies as alleged above were in reckless disregard of Plaintiffs' federally protected rights.

23.      Plaintiffs are entitled to an award of reasonable attorney fees pursuant to 42 U.S.C. § 1988.

24.      Plaintiffs seek relief under the Fifth and Fourteenth Amendments to the Constitution of the United States of America, and 42 U.S.C. § 1983, which relief includes but is not limited to:

a.      A declaratory judgment determining which **categories**[2] of fees assessed violate the requirement for "free common schools" under Article IX, Section 1 of the Idaho Constitution, the collection of which therefore constituted and constitutes a violation of the Fifth and Fourteenth Amendments to the U.S. Constitution;

b.      A declaratory judgment that in assessing and collecting the aforesaid fees the defendants are and have been taking private property for public use without just compensation and depriving such property

[2] The Court will not be asked by Plaintiffs to concern itself with detailed consideration of each fee being assessed, but rather restrict its ruling to the categories thereof pursuant to a protocol/grid and claim form to be developed by the parties and approved by the Court.

without due process of law, in violation of Plaintiffs' rights under the Fifth and Fourteenth Amendments to the United States Constitution, and § 1983;

c.      Certification of this action as a class action;

d.      Reimbursement or restitution of, or damages for, fees unconstitutionally collected by the defendants, and appointment of a claims administrator to supervise the reimbursement to each class member who makes a claim for restitution under a protocol and notice procedure to be proposed by counsel and approved by the Court;

e.      Attorney Fees under 42 U.S.C. § 1988, the "Private Attorney General Doctrine," and/or the "Collective Fund Doctrine;" and

f.      An injunction pursuant to Section 1983 permanently enjoining the defendants from collecting such fees as alleged above, as constituting a deprivation of property without due process of law and/or a taking of private property without just compensation, in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution.

## V.      CLASS ALLEGATIONS

25.     This action is brought as a Plaintiffs' class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

26.     The named Plaintiffs are members of the Plaintiff Class as defined herein and bring this action on their own behalf and on behalf of those students and parents/patrons similarly situated.

27.     The named Plaintiffs seek a declaratory judgment as to the categories of fees deemed to be unconstitutional under the Fifth and Fourteenth Amendments to the Constitution of the United States of America, and 42 U.S.C. § 1983, with the Court establishing a protocol and claim procedure for restitution or reimbursement of fees which have been unconstitutionally collected.

13 -    FIRST AMENDED CLASS ACTION COMPLAINT

28.     The Class represented by the named Plaintiffs (the "Plaintiff Class") includes all students enrolled in the School Districts and their parents and/or guardians,[3] commencing in October 2012 and continuing thereafter, who have been or will be subjected to assessment for and/or paid fees which violate the Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

29.     The named Plaintiffs are members of the Plaintiff Class.

30.     There are tens of thousands of children and their parents and guardians who are members of the Class, making the members of the Plaintiff Class so numerous that joinder of all class members is impracticable.

31.     Plaintiffs' claims are typical of the claims of the members of the Plaintiff Class. Plaintiffs and all members of the Plaintiff Class sustained economic damages as a result of the wrongful and unconstitutional misconduct complained of herein.

32.     The named Plaintiffs will fairly and adequately protect the interests of the members of the Plaintiff Class and has retained counsel competent and experienced in class action litigation as well as prosecution of actions of this nature.

33.     A class action is superior to other available methods for a fair and efficient adjudication of this controversy.  Since the damages suffered by each individual Plaintiff Class Member may be relatively small and geographically diverse, the expense and burden of individual litigation makes it impossible for the Plaintiff Class Members individually to seek redress for the wrongful conduct alleged.

---

[3] The term "guardians" throughout this Complaint also includes other persons who may be paying fees or furnishing supplies on behalf of public school students.

34.     Common questions of law and fact exist as to all members of the Plaintiff Class, which predominate over questions affecting solely individual members of the class.

35.     Plaintiffs know of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a Plaintiff Class action.

36.     Among the questions of law and fact common to the Plaintiff Class are:

(a)     Whether the defendants have been, and are now, assessing fees in violation of the "Due Process" and "Takings" clauses of the Fifth and Fourteenth Amendments to the U.S. Constitution;

(b)     Whether the fees unlawfully charged must be refunded under a Claims Administration process to be established by the Court; and

(c)     The terms of a Declaratory Judgment.

## VI.     CERTIFICATION OF THE DEFENDANTS AS A "CLASS"[1]

37.     Plaintiffs maintain that the Defendants herein are be certified as a "Defendant Class" pursuant to FRCP Rule 23 in that they meet the qualifications applicable to them as articulated in paragraphs 24 thru 35 hereinabove, (which are incorporated as though fully set forth herein) as well the following requirements especially applicable to defendant classes.

---

[1] The Court's attention is invited to NEWBERG ON CLASS ACTIONS, 4th Ed., 2002, Vol. 3, Sections 4:46 thru 4:72, pages 336 thru 418. There it is stated in Section 4:46 at pages 338-9:

> Defendant class actions have a long history in the United States. As early as 1853, the Supreme court in *Smith v. Swormstedt* 57 U.S. 288 (1853) upheld an action by a plaintiff class against a defendant class noting the well-established common law rule which permits such class suits. Authority for plaintiff and defendant classes was codified in Federal Equity Rule 38, re-codified in Federal Rule of civil Procedure 23 and carried forward to current rule 23 in the 1966 amended version. The defendant class still plays an important, though diminished, role in contemporary class litigation.

38.     The defendant class is defined as follows:

> Those school districts and charter schools in the State of Idaho which have been assessing student fees during some or all of the school years 2012-13 and thereafter that have been or will be assessing and/or collecting student fees in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

39.     The certification of this defendant class action comports with the Rule 23 requirements of numerosity because the defendants number one hundred sixty-two (162), thirty-eight (39) of which are subject to a pending stipulated motion for dismissal based upon their representations to Plaintiffs' counsel that they do not assess or collect the unconstitutional fees.

40.     The categories of unconstitutionally assessed fees are typical as against each of the remaining defendants, pose common questions of fact and law and meet the requirement of commonality, all of which is demonstrated in the statement of facts, *supra*.

41.     The remaining defendants are positioned to and will adequately represent the interest of all Idaho schools.

42.     The defense counsel who have made appearances can adequately represent the interests of the defendant class.  Defense counsel Brian Julian and Amy White represent 124 of the remaining defendants and 21 of the "to be dismissed" defendants.

43.     The requirements of due process and adequate notice to the defendant class members have been met by Rule 4 waiver of personal service having been served on all schools, which notice has been confirmed by the appearances of defense counsel.

44.     All defendants are subject to the jurisdiction of this Court.

WHEREFORE, Plaintiffs pray judgment as follows:

1.      Certification of both the Plaintiffs and the Defendants as "classes" for purposes of this action with the meaning of Rule 23.

2.      Determination of which **categories[2]** of school fees assessed by the defendants constitute a deprivation of property without due process and/or taking of private property without just compensation, in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution;

3.      A declaratory judgment that the defendants' collection of such fees are and have been in continuing violation of the Fifth and Fourteenth Amendments to the U.S. Constitution;

4.      Restitution or reimbursement of or damages for fees unconstitutionally assessed and collected;

5.      An Order appointing a claims administrator to supervise the restitution of and payment of damages to each class member who makes a claim for under a protocol and notice procedure to be proposed by counsel and approved by the Court;

6.      For reasonable attorney fees Attorney Fees under 42 U.S.C. § 1988, the "Private Attorney General Doctrine," and/or the "Collective Fund Doctrine;"

7.      For costs and disbursements incurred herein; and

8.      For such further relief as may be meet and equitable in the premises.

---

[2] Plaintiffs will not ask the Court to concern itself with detailed consideration of each fee being assessed, but rather restrict its ruling to the categories thereof pursuant to a protocol/grid and claim form to be developed by the parties and approved by the Court.

DATED this 21st day of September, 2018.

                       R. HUNTLEY LAW, PLLC

                       By:    /s/
                                Robert C. Huntley, Esq.

DATED this 21st day of September, 2018.

                       WOOD LAW GROUP, PC

                       By:    /s/
                                T. Jason Wood, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 21, 2018, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Brian K Julian:      bjulian@ajhlaw.com, agreer@ajhlaw.com, kmahan@ajhlaw.com

David Paul Gardner: dgardner@hawleytroxell.com, jfouladpour@hawleytroxell.com, sshutes@hawleytroxell.com

J Nick Crawford:      jnc@brassey.net, cjr@brassey.net, rcj@brassey.net

James Garrison Reid:  jreid@krlawboise.com, jmahoney@krlawboise.com, tkildow@krlawboise.com

Jill S Holinka:      jsh@msbtlaw.com, mvv@msbtlaw.com

WOOD LAW GROUP, PC

By:      /s/
                                                                
         T. Jason Wood, Esq.
         Attorney for Plaintiffs

W:\WLG\TJW\4184 ZEYEN-WOOD\PLEADINGS\009 Amended Complaint.wpd