UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MIKE ZEYEN, et al, <br><br> Plaintiffs, <br><br> v. <br><br> BOISE SCHOOL DISTRICT NO. 1, et al., <br><br> Defendants. | Case No. 1:18-cv-207-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it (1) plaintiffs motion to certify class; (2) plaintiffs' motion for immediate entry of order certifying class or, in the alternative, to set a hearing date; (3) defendants' motion for extension of time to file a response brief to the motion to certify class; (4) defendants' motion for protective order; and (5) motions for joinder in defendants' motions. This case has been stayed pending resolution of an appeal in the Idaho Supreme Court that has now been resolved. For the reasons explained below, the Court will (1) lift the stay; (2) deny the motions for extension of time and for protective order; (3) deny plaintiffs' motion for immediate entry of order certifying class; and (4) set a hearing date on the plaintiffs' motion to certify class.

Memorandum Decision & Order – page 1

## LITIGATION BACKGROUND

This is a class action challenging fees allegedly charged in contravention of the Idaho Constitution. The Plaintiffs, who have students attending schools in the Pocatello and Bonneville School Districts, seek to proceed as class representatives of all patrons – that is, students and parents – in the 115 school districts and charter schools in the state of Idaho. Plaintiffs allege that the fees charged by these school districts violate article IX, § 1 of the Idaho Constitution and constitute a due process violation. They seek declaratory relief, reimbursement of fees charged for the past six years, and certification of a class of plaintiffs and defendants.

This action was preceded by lengthy litigation in the Idaho state courts. Between 1993 and 2005, a series of five appeals were decided by the Idaho Supreme Court challenging the level and method of funding for Idaho's public schools. In the midst of those appeals, the Idaho Supreme Court remanded the case to the district court to determine the narrow issue of whether the Legislature had provided a means to fund facilities that provide a safe environment conducive to learning, pursuant to the thoroughness requirement of the Idaho Constitution, Article IX, § 1. That constitutional provision imposes a "duty [on] the Legislature of Idaho, to establish and maintain a general, uniform and thorough system of public, free common schools."

Following a trial, the district court described, among other things, "the many safety concerns of specific school districts, such as structural problems and fire hazards." *ISEEO v. Idaho,* 129 P.3d 1199, 1204 (Id.Sup.Ct. 2005).  Evidence showed that "57% of all Idaho school buildings had serious safety concerns." *Id.* at 1205.  A 1999 report updating a 1993 assessment of facility safety concluded that "53 of the buildings needing serious and immediate attention in 1993 had deteriorated even further." *Id.*  Based on this and other evidence, the district court concluded that the state funding system "is not adequate to meet the constitutional mandate to establish and maintain a general, uniform, and thorough system of public, free common schools in a safe environment conducive to learning for Idaho's poorest school districts."

On appeal, the Idaho Supreme Court affirmed that decision but declined to impose any remedy, finding that to be the task of the Idaho Legislature:

> We affirm the conclusion of the district court that the current funding system is simply not sufficient to carry out the Legislature's duty under the constitution. While the Legislature has made laudable efforts to address the safety concerns of various school districts, the task is not yet complete. The appropriate remedy, however, must be fashioned by the Legislature and not this Court.

*Id.* at 1209.  Since that decision in 2005, plaintiffs have filed three state court actions along with this suit.  In *Joki v Idaho,* 398 P.3d 48 (Id.Sup.Ct. 2017), the plaintiffs initially sued the State and 114 school districts seeking to represent a class consisting of all students currently enrolled in the defendant school districts

Memorandum Decision & Order – page 3

together with their parents and guardians.  Plaintiffs alleged that the State's funding – and specifically the lack of funding that required local districts to impose fees – violated the Idaho Constitution Article IX, Section I.  Later, the plaintiffs narrowed their complaint to seek (1) reimbursement from a single school district (the Meridian District), or the legislature, of certain fees imposed by the school district; and (2) a declaratory judgment against the State defendants that the current system of funding education in Idaho is unconstitutional.  The district court dismissed the State and plaintiffs appealed.

In the appeal to the Idaho Supreme Court, the State defendants argued that the claims against them fell squarely within the terms of the Constitutionally Based Educational Claims Act (CBECA), Idaho Code §§ 6-2201–2216.  The CBECA authorizes a patron to sue a local school district for failing to provide constitutionally required educational services, but also states that before a patron can sue the State, the patron must first obtain a ruling from the district court that the local school district is not providing the required educational services and is either unwilling or unable to comply.  *Id.* at 52.  The plaintiffs in *Joki* sued the State without first obtaining this ruling from the district court, and the State defendants argued that the CBECA required that they be dismissed.  The Idaho Supreme Court agreed, finding that (1) the CBECA did apply and (2) the CBECA did not violate provisions of the Idaho Constitution.  *Id.* at 52-55.

**Memorandum Decision & Order – page 4**

In a separate action filed in state court – *Zeyen v Pocatello/Chubbuck School District* – the plaintiff sued a single school district seeking to represent a class of all patrons of that single school district, alleging that the fees charged by the district were unconstitutional under Idaho's constitution. The district court held that the CBECA barred recovery for fees improperly paid. When plaintiff tried to amend his complaint to add a claim for a Due Process violation, the district court denied the amendment on the ground that it came too late in the litigation.

On appeal, the Idaho Supreme Court affirmed those decisions finding that, (1) the district court properly denied plaintiffs' motion to amend their complaint to add a due process claim; and (2) the CBECA does not provide relief for past conduct. That failure, Zeyen argued to the court, constituted an unconstitutional taking under the Due Process Clause, but the Idaho Supreme Court refused to address the argument because it was not properly raised below.

Another action – *Wood v Bonneville School District* – also challenges fees charged by a single school district. Plaintiffs seek to represent a class consisting of all patrons of that single school district, and have challenged the fees as violating both the Idaho Constitution and the U.S. Constitution (5th and 14th Amendments). That case was filed in November of 2017 and was stayed pending *Zeyen*.

The lead plaintiff in that *Zeyen* case then filed the present action in this Court on May 9, 2018. This is a class action challenging fees allegedly charged in

contravention of the Idaho Constitution. The Plaintiffs, who have students attending schools in the Pocatello and Bonneville School Districts, seek to proceed as representatives of all students and patrons in the 115 school districts and charter schools in the state of Idaho.  Plaintiffs assert a Takings Clause and due process claim against defendants under § 1983, and a declaration that the fees charged by these local school districts are unconstitutional under article IX, § 1 of the Idaho Constitution.  That constitutional provision requires the legislature to "establish and maintain a general, uniform and thorough system of public, free common schools."  Plaintiffs seek declaratory relief, reimbursement of fees charged for the past six years and certification for both a plaintiff and defendant class.

The defendants divided into two groups, each represented by separate counsel.  Each group filed a motion to dismiss the due process claims.  The Court denied the motions and stayed the case pending resolution of *Zeyen* in the Idaho courts.  The Court reasoned that the due process issues would be avoided if *Zeyen* ultimately held that the CBECA provides a remedy to plaintiffs to recover fees paid in violation of Idaho's Constitution.

Instead, *Zeyen* held that the CBECA does not provide a remedy to recover those fees paid in the past.  So interpreted, does the CBECA run afoul of the Due Process Clause?  That is the central issue in this case and it fits squarely within the jurisdictional boundaries of this Court.

Defendants argue, however, that further proceedings in another Idaho case warrant an extension of the stay. In *Gifford v. West Ada School District,* (CV01-19-13029) – a case still at the district court level – plaintiffs have filed a class action challenging fees charged for second-session kindergarten. There are pending motions in that case challenging plaintiffs' due process claims and their right to a class action. Because those issues are identical to the issues faced here, defendants argue that the stay – and briefing on plaintiffs' motion to certify class – should be extended until *Gifford* is resolved for the same reasons that the Court stayed the case pending a decision in *Zeyen*.

The Court disagrees. The issues here are federal in nature: Plaintiffs claim a violation of the Due Process Clause and seek to certify a class under Federal Rule of Civil Procedure 23. Unlike *Zeyen*, that involved a crucial interpretation of an Idaho statute, *Gifford* faces issues that are peculiarly within the expertise of this Court. There is therefore no reason to halt progress of this case to await a resolution of *Gifford*. *See generally Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 821 (1976) (holding that "federal courts have a virtually unflagging obligation . . . to exercise the jurisdiction given them").

The Court will therefore deny defendants' motion for extension to await a decision in *Gifford*. The Court had previously issued a stay of this case until *Zeyen* was resolved in the Idaho Supreme Court, and given that it is now resolved, the

**Memorandum Decision & Order – page 7**

Court will formally lift the stay.  The Court will schedule a hearing on plaintiffs' motion to certify class, and notes that defendants filed a response brief to the motion to certify on June 5, 2020, and the Court's Local Rules will dictate the deadline for plaintiffs' response brief.

The defendants have also filed a motion for protective order seeking to limit the discovery requests submitted to the 115 school districts.  The plaintiffs responded that they are no longer seeking discovery until the class is certified.  The Court will therefore deny the motion for protective order, without prejudice to defendants' right to refile the motion if the class is certified and without reaching the merits of the motion.

The plaintiffs also seek an immediate order certifying the class on the ground that defendants have waived their objections by failing to file response briefs.  However, the defendants properly filed a motion to extend the time for a response, which has not been denied until now.  Moreover, the case has been stayed until this point.  Under these circumstances the defendants have not waived any rights, and that portion of plaintiffs' motion will therefore be denied.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that plaintiffs' motion for immediate entry of order certifying class or, in the alternative, to set a hearing date

(docket no. 58) is GRANTED IN PART AND DENIED IN PART. It is granted to the extent it seeks the setting of a hearing date on the motion to certify class, but is denied in all other respects.

IT IS FURTHER ORDERED, that a hearing date be set on the motion to certify class (docket no. 50) for **September 3, 2020, at 2:00 p.m.** in the Federal Courthouse in Boise Idaho.

IT IS FURTHER ORDERED, that the defendants' motion for extension of time to file a response brief to the motion to certify class (docket no. 52) and the motions for joinder in that motion (docket nos. 53 & 55) are DENIED.

IT IS FURTHER ORDERED, that the defendants' motion for protective order (docket no. 51) and the motion for joinder in that motion (docket no. 54) are DENIED.

DATED: June 16, 2020

B. Lynn Winmill
U.S. District Court Judge