# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MIKE ZEYEN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BOISE DISTRICT #1, et al., <br><br> Defendants. | Case No. 1:18-cv-00207-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

The Court has before it the AJH Defendants' motion for reconsideration (Dkt. 91), Plaintiffs' amended motion to amend/correct (Dkt. 94), Plaintiffs' second motion for class certification (Dkt. 97), AJH Defendant's motion to stay or extend time (Dkt. 98), and Plaintiff's motion to strike (Dkt. 110). For the reasons set forth below, the motion for reconsideration will be denied, the motion to amend will be granted, the second motion for class certification will be denied without prejudice, the motion to stay will be denied as moot, and the motion to strike will also be denied as moot.

# ANALYSIS

Because the background of this case has been fully set forth in the Court's previous Memorandum Decision and Order, entered February 26, 2021 (Dkt. 81), the Court will not repeat that background here but will instead turn directly to the merits of the pending motions.

### A.     Motion for Reconsideration (Dkt. 91)

The AJH Defendants seek to have the Court reconsider the memorandum decision and order (Dkt. 81) denying the AJH Defendants' motion for summary judgment. As discussed in more detail below, the AJH Defendants have failed to meet the high burden for granting reconsideration. Accordingly, their motion will be denied.

#### 1. Legal Standard

Motions for reconsideration are requests for an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). The high bar that movants must overcome to prevail on a motion for reconsideration reflects the courts' "concerns for preserving dwindling resources and promoting judicial efficiency." *Costello v. United States Gov't*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991). As a result, the moving party must demonstrate that reconsideration is warranted based on one of four limited grounds: (1) to correct manifest errors of law or fact; (2) to

consider newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) to consider an intervening change in the law. *See Turner v. Burlington North. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

A motion for reconsideration is not intended to provide litigants with a "second bite at the apple." *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001). Thus, the "motion may not be used to raise arguments or present evidence for the first time [that] could reasonably have been raised earlier in the litigation," *Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000), nor is it an opportunity to reargue the moving parties' positions. *See Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (finding no abuse of discretion where the district court denied a motion to reconsider the judgment based on the same arguments made in the original motion).

2. **Discussion**

The AJH Defendants raise four different arguments in support of their motion seeking reconsideration: (a) the Court's interpretation of *Paulson v. Minidoka County Sch. Dist.*, 463 P.2d 935, 939 (Idaho 1970); (b) the Court's interpretation of the free-education provision of the Idaho Constitution; (c) the Court's application of *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972), and (d) the Court's failure to recognize that the Idaho Tort Claims Act provides an available remedy. The Court will address each of these arguments in turn.

### a. Interpretation of Paulson

The AJH Defendants argue that the Court clearly erred when it relied on the Idaho Supreme Court's decision in *Paulson v. Minidoka County Sch. Dist.*, 463 P.2d 935, 939 (Idaho 1970), as support for the Court's determination that there is a an individual protected property right in the free-education provision of the Idaho Constitution.

The issue of whether the free-education provision of the Idaho Constitution creates a private property right, including the impact of the *Paulson* decision, was fully briefed and argued on summary judgment. The Court considered the parties' arguments in issuing its decision. The AJH Defendants do not cite to an intervening change in the law, nor do they cite to newly discovered or previously unavailable evidence. Instead, they merely disagree with the Court's decision and reargue the issue in their motion for reconsideration. Their arguments do not demonstrate a manifest error and do not provide sufficient grounds for granting reconsideration.

### b. Interpretation of the Free-Education Provision

The AJH Defendants argue that the Court's interpretation of the free-education provision of the Idaho Constitution as creating a private property right is inconsistent with the plain language of that provision and the intent of the founders. They further argue that the free-education provision addresses only

*funding* education and allows for only *prospective* relief, and that *refunding* fees is the opposite of funding education. Thus, they argue, the plain language of the free-education provision does not provide a private cause of action and does not provide the relief sought by Plaintiffs—the refund of any fees that were unconstitutionally levied.

The meaning and interpretation of the free-education provision was fully briefed and argued on summary judgment, and the Court considered those arguments in issuing its decision. The AJH Defendants have not cited to an intervening change in the law, nor do they cite to newly discovered or previously unavailable evidence. Their disagreement with the Court's decision, and additional arguments in support of their position, do not convince the Court that it committed a manifest error and do not provide sufficient grounds for granting reconsideration.

   *c. CBECA and Roth*

The AJH Defendants argue that the Court misapplied *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972), by failing to consider the legislature's interpretation and application of the free-education provision set forth in the Constitutionally Based Educational Clams Act (CBECA). They argue that, under *Roth*, the CBECA is valid law interpreting and defining the nature of individual rights under the free-education provision, and that the CBECA defeats Plaintiffs' claim of a private property right under the Idaho Constitution. Again, Defendants'

have failed to meet the burden for reconsideration.

The AJH Defendants' arguments raise two separate issues: (1) whether there is a private property right to a free public education; and (2) if so, whether Plaintiffs are entitled to reimbursement of any fees charged in violation of that right. As to the first issue, as the Court previously found, the free-education provision of the Idaho Constitution, combined with the decisions of the Idaho Supreme Court and the acts of the Idaho Legislature, demonstrate that there is a private property right to a free public education. Specifically, the *Paulson* decision demonstrates that the Idaho Supreme Court believes that the free-education provision provides an individual right to relief for violation of the free-education provision. *See* 463 P.3d at 939. The Idaho Legislature's passing of the CBECA seeking to limit or, in some cases nullify, the rights granted by the free-education provision, reinforces the *Paulson* decision by demonstrating that the legislature also recognized that the free-education provision grants individual rights to a free public education. Further, the Court's decision on this issue is consistent with *Roth*. *See* 408 U.S. at 577 ("Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of

entitlement to those benefits.").

As to the second issue—whether Plaintiffs are entitled to reimbursement of any fees charged in violation of that right—the AJH Defendants argue that the legislature's subsequent enactment of the CBECA supersedes the prior case law and therefore limits any individual remedies to equitable, prospective remedies, thereby foreclosing the relief of reimbursement for past fees. The AJH Defendants made the same or similar arguments on summary judgment, and the Court considered those arguments in issuing its decision. The AJH Defendants have not cited to an intervening change in the law, nor do they cite to newly discovered or previously unavailable evidence. Their disagreement with the Court's decision does not convince the Court that it committed a manifest error and do not provide sufficient grounds for granting reconsideration.

### d. *Idaho Tort Claims Act as a Remedy*

The AJH Defendants argue that the Court clearly erred by failing to recognize that, although the CBECA does not allow reimbursement for unconstitutional fees, the Idaho Tort Claims Act provides an available remedy in the event there is a protected private property right that was violated. However, in their briefing on summary judgment, Defendants argued that Plaintiffs' exclusive remedy for any injury related to violation of the free-education provision, and for challenging school fees, was provided by the CBECA. (*See* Dkt. 72-1 at 2, 4, 5, 7,

10, 11.) It is disingenuous for Defendants to now argue that the Court clearly erred by failing to recognize that the Idaho Tort Claims Act provides an available remedy. Further, their argument does not demonstrate that the Court committed a manifest error and does not provide a sufficient ground for granting reconsideration.

### 3. Conclusion on Motion for Reconsideration

Defendants have cited to neither an intervening change in the law nor to newly discovered or previously unavailable evidence. Instead, Defendants simply seek to have the Court reconsider issues that were fully briefed and argued on summary judgment, at times raising new arguments that could and should have been raised on summary judgment. None of the arguments raised by Defendants convinces the Court that it committed manifest error in denying Defendants' motion for summary judgment. Accordingly, Defendants have not met their high burden of demonstrating that reconsideration of the Court's decision is warranted and the motion for reconsideration will be denied.

### B. Motion to Amend/Correct (Dkt. 94)

#### 1. Legal Standard

Motions to amend are analyzed under Federal Rule of Civil Procedure 15(a). Rule 15(a) is a liberal standard and leave to amend "shall be freely given when justice so requires." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d

946 (9th Cir. 2006). When determining whether to grant leave to amend, the Court considers five factors to assess whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

   2.  **Discussion**

Plaintiffs move the Court for leave to file a second amended complaint. In the proposed amendment, Plaintiffs seek to (1) define the four categories of fees that they allege Defendants charged in violation of Plaintiffs' right to a free public education, and (2) join as parties additional individual plaintiffs representing West Ada Jt. School District #2. Plaintiffs explain that these amendments are necessary to address issues identified by the Court in its Memorandum Decision and Order (Dkt. 81), in which the Court denied Plaintiffs' motion for class certification.

The Gardner Defendants oppose amendment. They admit that the addition of the individual parties in the proposed second amended complaint have no relationship to them, and do not claim that the proposed amendment prejudices them. Instead, they contend that the Court's prior rulings and decisions demonstrate that there is no allowable cause of action against them, and that the proposed amendment would therefore be futile as to them. They therefore request summary dismissal from the action. The Court will deny this attempt to seek

dismissal through a response to a motion to amend. If the Gardner Defendants seek dismissal from this action, they may seek such relief through the filing of a motion.

The AJH Defendants do not oppose the filing of the second amended complaint as to the claims brought on behalf of the named Plaintiffs against the West Ada, Pocatello, and Bonneville Defendants. The AJH Defendants argue, however, that the proposed amendment fails to comply with Federal Rule of Civil Procedure 23 and they therefore oppose the amendment to the extent it seeks to bring class claims. The AJH Defendants also oppose amendment to the extent the proposed second amended complaint seeks to bring claims against the remaining AJH Defendants, i.e., all AJH Defendants *except* West Ada, Pocatello, and Bonneville, and contend that these remaining Defendants should be dismissed. In support, they cite to Dkt. 96, Plaintiffs' response to Defendants' Litigation and Discovery Plans, in which Plaintiffs indicate that initial discovery should proceed only as to West Ada, Pocatello, and Bonneville, and that discovery as to the remaining Defendants should be suspended until further order of the Court (Dkt. 96 at 1-2).

The AJH Defendants' arguments do not set forth sufficient grounds to warrant denial of leave amend. To the extent some or all of the AJH Defendants believe they are entitled to dismissal, they may file a motion seeking such relief.

As to Rule 23, the Court need not, at this time, make a determination regarding whether the proposed second amended complaint sufficiently satisfies the requirements to state class claims under Rule 23.

### C. Second Motion for Class Certification (Dkt. 97)

In the Court's order denying Plaintiffs' initial motion for class certification (Dkt. 81), the Court directed counsel to contact the courtroom deputy to schedule a telephonic hearing discussing, among other things, the timeframe for filing another motion to certify along with briefing page limits and any other class certification matters. The Court subsequently set the case for a scheduling conference on March 31, 2021, then continued the conference to April 8, 2021, and directed the parties to meet and confer in an effort to agree on a litigation plan and discovery plan or, alternatively, file separate proposed plans. (*See* Dkts. 89, 95.) Prior to the continued scheduling conference, on April 2, 2021, Plaintiffs filed their second motion for class certification (Dkt. 97).

The Court will deny without prejudice Plaintiffs' second motion for class certification. As the Court indicated in both its Order (Dkt. 81) and its Docket Entry Order (Dkt. 89), the Court anticipated that a timeframe for Plaintiffs to file a renewed motion for class certification would be set so that this case could proceed in an efficient and orderly manner. Rather than wait for the setting of that timeframe, Plaintiffs simply filed a renewed motion.

The Court now makes explicit what was previously indicated in its orders: Plaintiffs' shall not file another motion seeking class certification until *after* the Court holds a scheduling conference and sets a timeline for the filing of such renewed motion. The Court also reminds Plaintiffs that the Court has only given them one additional opportunity to successfully seek class certification. (*See* Dkt. 81 at 24 ("With regard to the motion to certify, the Court will give plaintiffs one more opportunity to file a motion to certify after specifying the types of fees the class is seeking to recover, as discussed fully above."); *see also id.* at 18-21 (discussing problems and weaknesses of Plaintiffs' motion for class certification).)

In light of the foregoing, the Court will deny without prejudice Plaintiffs' second motion for class certification, and will set the case for a scheduling conference at which the timing of a renewed motion for class certification, and other issues, can be discussed. Again, Plaintiff shall not file a renewed motion seeking class certification until *after* the Court holds the scheduling conference and sets a timeline for the filing of such motion.

### D. Motion to Stay (Dkt. 98)

In the motion to stay, the AJH Defendants seek to extend the deadline for their response to Plaintiffs' second motion for class certification until after the Court has ruled on their motion for reconsideration and Plaintiffs' motion to amend. Because the Court is deciding those motions herein, and is denying without

prejudice the second motion for class certification, the Court will deny the motion to stay as moot.

### E.     Motion to Strike (Dkt. 110)

In the motion to strike, Plaintiffs request that the Court strike the AJH Defendants' reply brief filed in support of the AJD Defendants' motion for reconsideration. Because the motion for reconsideration is being denied herein, the Court will deny as moot the motion to strike.

## ORDER

**IT IS ORDERED that:**

1. AJH Defendants' Motion for Reconsideration (Dkt. 91) is **DENIED.**

2. Plaintiff's amended motion to amend/correct (Dkt. 94) is **GRANTED.**

3. Plaintiffs' renewed motion for class certification (Dkt. 97) is **DENIED** without prejudice.

4. AJH Defendant's motion to stay or extend time (Dkt. 98) is **DENIED** as moot.

5. Plaintiffs' motion to strike (Dkt. 110) is **DENIED** as moot.

6. A telephonic scheduling conference is set for **August 2, 2021, at 3:30 p.m.** To participate, the Parties are directed to call the Court's conference line, 1-877-336-1828, and use access code 4685496.

7. The parties are directed to meet and confer no later than **July 19,**

**2021**, regarding updated joint litigation and discovery plans. The parties shall file, no later than **July 26, 2021**, their proposed joint plans. The parties' litigation plan shall include a proposed timeframe for Plaintiffs to file the anticipated renewed motion for class certification. The Court's form litigation plan and form discovery plan may be found on the District Court's website at: https://www.id.uscourts.gov/district/forms_fees_rules/Civil_Forms.cfm.

DATED: July 1, 2021

_____
B. Lynn Winmill
U.S. District Court Judge