UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MIKE ZEYEN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BOISE DISTRICT #1, et al.,<br><br>Defendant(s). | Case No. 1:18-cv-00207-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court are Plaintiffs' Motion to Bifurcate (Dkt. 121), and AJH Defendants' Motion to Determine the Applicable Statue of Limitations and for Protective Order (Dkt. 124). For the reasons discussed below and during the November 18, 2021, hearing, the Court denies without prejudice the Motion to Bifurcate, and grants the Motion to Determine the Applicable Statute of Limitations and for Protective Order.

## BACKGROUND

Plaintiffs filed this proposed class action in May 2018, challenging fees charged by the Defendant school districts. Plaintiffs, who are students attending schools in Defendants Pocatello/Chubbuck School District, Bonneville Joint

District #93, and the West Ada School District, and their parents, seek to proceed as class representatives of all patrons – that is, all students and parents – in "all school districts and charter schools" (collectively "school districts") in the state of Idaho (Dkt. 118). Plaintiffs allege that the fees charged by Defendants violate Article IX, § 1 of the Idaho Constitution, which provides:

> The stability of a republican form of government depending mainly upon the intelligence of the people, it shall be the duty of the legislature of Idaho, to establish and maintain a general, uniform and thorough system of public, free common schools.

Idaho Const., Art. IX, § 1.

Specifically, Plaintiffs allege that certain types of fees imposed by Defendants violate the constitutional requirement that education be free. Plaintiffs allege that the fees therefore constitute a taking of property without due process in violation of the Takings Clause of the Fifth Amendment of the U.S. Constitution, applicable to the states through the Fourteenth Amendment. Plaintiffs seek recovery of the fees paid and a declaratory judgment that prohibits imposition of such fees in the future.

## ANALYSIS

### A. Motion to Bifurcate

Plaintiffs seek (1) to have the case bifurcated so that there would be an initial trial phase limited to claims brought against the West Ada, Pocatello, and

Bonneville School Districts, with proceedings involving the remaining defendants held in abeyance until further order of the Court; and (2) to have the defendants for the first phase of trial provide complete responses to Plaintiffs' written discovery requests previously served on Defendants. Plaintiffs contend that bifurcation is appropriate under Federal Rule of Civil Procedure 42(b) on the grounds that bifurcation will expedite and economize the resolution of this matter, and/or avoid prejudice.

The defendants represented by counsel from the law firm Anderson Julian & Hull (the AJH Defendants), some of which would be involved in the proposed initial trial phase, do not oppose the proposed bifurcation. (*See* Dkt. 127.) However, the remaining defendants, represented by the law firm Hawley Troxell Ennis & Hawley (the HTEH Defendants),[1] do oppose the motion. The HTEH defendants contend that the motion should be denied on several grounds, including that the motion to bifurcate is premature because the Court has not yet determined whether to certify a Plaintiff class and has not yet determined named class

---

[1] The parties have previously referred to these defendants as the "Gardner defendants," apparently based on the last name of one of the HTEH attorneys representing this group of defendants. The Court prefers an approach that refers to the firm, not the individual attorney, that represents these defendants. The Court will therefore refer to the defendants represented by HTEH attorneys as the HTEH defendants.

representatives for the proposed class. The Court agrees.

This case was filed more than three and a half years ago as a proposed class action, yet Plaintiffs have failed to date to obtain class certification. Until the class certification issue is decided, bifurcation is inappropriate.

In denying Plaintiffs' previous motion for class certification, the Court set out the deficiencies in Plaintiffs' motion and suggested ways in which those deficiencies could be resolved. (*See* Dkt. 81.) Plaintiffs recently filed, on November 16, 2021, a third motion for class certification.[2] (Dkt. 134.) As the Court indicated during the hearing held on November 18, 2021, the Defendants will have 60 days within which to conduct discovery and/or obtain stipulations relevant to the issue of class certification and file their response to Plaintiffs' motion. Plaintiffs will then have 21 days within which to file their reply in support of class certification.

### B. Motion for Determination of Statute of Limitations and for Protective Order

The AJH Defendants seek an order from the Court determining the statute of limitations applicable to Plaintiffs' claims and a protective order finding that the

---

[2] Plaintiff filed a second motion for class certification on April 2, 2021, which the Court denied without prejudice. (*See* Dkts. 97, 112.)

AJH Defendants are not required to provide discovery regarding fees assessed outside of the statutory period. Specifically, the AJH Defendants argue that a two-year limitations period applies to Plaintiffs' claims; that accordingly all claims that accrued prior to May 9, 2016, are time-barred; and that requests seeking discovery on fees assessed prior to May 9, 2016, are seeking discovery that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Thus, the AJH Defendants request a protective order precluding requests seeking discovery on fees assessed prior to May 9, 2016.

Plaintiffs oppose the motion, arguing (1) that the issue of the applicable statute of limitations is not properly before the Court; (2) that Plaintiffs' Fifth Amendment claim is not subject to the 2-year statute of limitations applicable to personal injury actions; and (3) that the statute of limitations for Plaintiffs' § 1983 claims is tolled by the "systematic violation" doctrine, which the Court will refer to as the continuing violation doctrine.

### 1. The applicable statute of limitations is properly before the Court.

Plaintiffs contend that the issue of the applicable statute limitations is not properly before the Court because it is an affirmative defense on which Defendants bear the burden of proof at trial; and because there is no motion to dismiss or motion for summary judgment pending. The Court disagrees.

As the AJH Defendants point out, the applicable statute of limitations is relevant for determining the appropriate scope of discovery. Further, disagreement between the parties regarding the applicable limitations period has given rise to a discovery dispute. The Court finds, that the parties have had a full opportunity to address the applicable statute of limitations, and that it is necessary to resolve the issue of the applicable statute of limitations, in order to appropriately focus and limit discovery in this case.  The resolution of the issue at this stage will facilitate the just, speedy and inexpensive resolution of this dispute.  *See* Fed.R.Civ.P. 1.

### 2. Plaintiffs' Fifth Amendment takings claim is subject to the § 1983 statute of limitations.

As this Court previously held, "The statute of limitations for actions brought under 42 U.S.C. § 1983 are governed by the forum state's statute of limitations for personal injury actions. . . . Thus, the Court must apply Idaho's two-year limitation period for personal injury actions instead of the limitations period urged by the plaintiffs set forth in Idaho's inverse condemnation statute." (Dkt. 81 at 23-24 (citing *Wilson v. Garcia*, 471 U.S. 261, 276 (1985); Idaho Code § 5-219(4)).)

Despite the Court's previous holding, Plaintiffs contend that their Fifth Amendment takings and due process claims are not subject to the limitations period for § 1983 actions and are instead subject to the four-year statute of limitations applicable to an inverse condemnation action in Idaho, as set forth in

Idaho Code § 5-224. The Court once again rejects this argument.

As the Ninth Circuit has clearly stated, a "[p]laintiff has no cause of action directly under the United States Constitution. . . . [A] litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983." *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) (dismissing appeal for lack of subject matter jurisdiction where federal takings claim was not brought under § 1983); *see also White v. Valley Cty.*, No. 1:09-CV-494-EJL-CWD, 2011 WL 4583846, at *7 (D. Idaho Sept. 30, 2011) (relying on *Azul-Pacifico* in rejecting argument that the plaintiffs should be allowed to bring a direct action under the Takings Clause without pleading it under § 1983). Thus, Plaintiffs' claims that Defendants violated the Fifth Amendment takings and due process clauses must be brought under § 1983.

Plaintiffs' reliance on *DW Aina Le'a Dev., LLC v. Land Use Comm'n*, 834 F. App'x 355, 356 (9th Cir. 2021) is misplaced. This unpublished disposition is not precedential. Moreover, the unpublished disposition involved a state takings claim as well as a federal takings claim, and the focus was on the statute of limitations applicable to the state takings claim.[3] Finally, the unpublished disposition does not

---

[3] Plaintiffs have not brought a state takings claim and therefore the question of the applicable limitations period for such claims is not before the Court.

mention the Fifth Amendment, nor does it acknowledge let alone analyze the Ninth Circuit case law establishing that a Fifth Amendment takings claim must be brought under § 1983 and is thus subject to the § 1983 statute of limitations.

### 3. The continuing violation doctrine does not apply.

Finally, Plaintiffs argue that the limitations period has been tolled under the continuing violation doctrine.

The continuing violation doctrine arose in the employment context. The Supreme Court explained the reach of the doctrine in *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), by distinguishing between "discrete acts," which are actionable as soon as they occur, and non-discrete acts, which are actionable only in the aggregate. "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act." *Id.* at 113.

Thus, an action for each discrete discriminatory act must be filed within the statutory period after the act occurred. *Id.* These "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.' " *Id.* at 114. Therefore, a plaintiff "can only file a [claim] to cover discrete acts that 'occurred' within the appropriate time period." *Id.* All discrete discriminatory acts

that occurred prior to the limitations period "are untimely filed and no longer actionable." *Id.* at 115. In other words, the continuing violation doctrine does not apply to discrete acts.

In contrast to discrete acts, each of which are actionable after they occur, non-discrete acts, by their very nature, "involve[] repeated conduct" and are not actionable in isolation. *Id.* Thus, for example, a hostile work environment claim "occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own." *Id.* It is to these non-discrete acts that the continuing violation doctrine may be applied. *See id.* at 115-118.

Turning to the present case, at issue here are the allegedly unlawful acts by Defendants of assessing school fees. The assessment of fees by Defendants are easily identifiable, discrete acts that are actionable as soon as each assessment occurs. Thus, the continuing violation theory does not apply to toll the limitations period.

Plaintiffs' reliance on *Gutowsky v. Cty. of Placer*, 108 F.3d 256, 259 (9th Cir. 1997) is misplaced. In *Gutowsky*, the Ninth Circuit examined a claim of employment discrimination. The Court explicitly recognized that "[a] plaintiff in a Title VII action who alleges a policy or practice of systematic discrimination, *as*

**MEMORANDUM DECISION AND ORDER - 9**

*opposed to alleging only individual discriminatory acts*, may in certain circumstances utilize the continuing violations doctrine." *Id.* (emphasis added). Thus, the Ninth Circuit recognized that an action based on *individual, discrete acts* does not fall under the continuing violation doctrine.

In contrast to *Gutowsky*, in the present case, as discussed above, each assessment of fees was an easily identifiable, discrete act that was actionable at the time of the assessment. In other words, the assessments are not actionable only because of their aggregate impact. Instead, each individual assessment is a discrete act and is therefore individually actionable. Accordingly, the continuing violation doctrine does not apply.

## ORDER

**IT IS ORDERED that:**

1. Plaintiffs' Motion to Bifurcate (Dkt. 121) is DENIED without prejudice to revisiting the issue upon Plaintiffs' motion following a decision regarding class certification.

2. AJH Defendants' Motion to Determine the Applicable Statue of Limitations and for Protective Order (Dkt. 124) is GRANTED. The Court finds the applicable statute of limitations to be two years, and that Plaintiffs are not entitled to obtain, and Defendants are not required to provide, discovery regarding fees assessed prior to May 9, 2016, which is two years prior to the date on which this

action was filed.

3. As the Court indicated during the November 18, 2021, hearing:

   a. Defendants are granted 60 days, or until January 18, 2022, within which to conduct discovery and/or obtain stipulations relevant to the issue of class certification and file their response to the Motion for Class Certification (Dkt. 134).

   b. Plaintiffs shall file their reply in support of class certification, if any, within 21 days of the filing of Defendants' response.

4. All other deadlines in the Court's Scheduling Order (Dkt. 123) are STAYED.

5. All discovery that is not related to class certification is STAYED.

DATED: November 29, 2021

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 11